**David SHULER, Plaintiff—Appellant,**

v.

**Peggy KERNAN, Defendant—Appellee.**

No. 02–16648.
D.C. No. CV–92–01100–VRW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 11, 2003.

Decided Oct. 7, 2003.

Before HALL, O'SCANNLAIN, and LEAVY, Circuit Judges.

MEMORANDUM*

California state prisoner David Shuler appeals the district court's denial of his federal habeas corpus petition as limited by 28 U.S.C. § 2254. Shuler's petition challenged his 1988 jury trial conviction of second degree murder for the death caused when Shuler, while intoxicated, drove his car into the victim's vehicle. We have jurisdiction pursuant to 28 U.S.C. § 2253, and, after de novo review, *see McNab v. Kok*, 170 F.3d 1246, 1247 (9th Cir.1999), we affirm.

Shuler's contention that the trial court's denial of his motion for change of venue resulted in an unfair trial lacks merit. After reviewing the record, we conclude that Shuler failed to show either presumed or actual prejudice. *See Harris v. Pulley*, 885 F.2d 1354, 1361, 1363 (9th Cir.1988).

The trial court's failure to sua sponte give the jury an instruction on "unconsciousness" did not violate Shuler's due process right to a fair trial. The state court gave an instruction that would have permitted the jury to decide that Shuler lacked the mental state required for conviction of second degree murder because of an alcoholic blackout if they believed Dr. Globus' testimony. Thus, there was no due process violation. *See Estelle v. McGuire*, 502 U.S. 62, 71–73, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991).

We reject Shuler's argument that the trial court's limiting instruction regarding the use of his three prior convictions for driving under the influence erroneously directed the jury to focus on his state of mind in deciding to drink rather than on his decision to drink in anticipation of driving or to drive while under the influence. The limiting instruction told the jury that it could consider Shuler's prior convictions "only for the limited purpose of determining if it tends to show that the defendant had knowledge of the nature of the effects of alcohol on his person." The prior convictions were not for merely drinking but for driving under the influence. Thus, the jury would have understood that the limiting instruction to mean that the prior convictions could only be considered in determining whether Shuler was aware of the effects of alcohol on him and the consequent risks of driving after drinking.

Shuler claims that his trial counsel rendered ineffective assistance during jury selection. Neither of the two jurors that he complains of expressed any actual bias. Thus, counsel's failure to peremptorily challenge the two jurors was a tactical decision that does not constitute ineffective assistance of counsel. *See Denham v. Deeds*, 954 F.2d 1501, 1505 (9th Cir.1992). Trial counsel's failure to renew the change of venue motion and conduct more extensive voir dire does not fall outside "the wide range of reasonable professional assistance." *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Shuler also claims that his trial counsel was ineffective in failing to request and argue an unconsciousness instruction and to object to the limiting instruction regarding Shuler's prior convictions. Because we conclude that Shuler suffered no prejudice as a consequence of the instructions given, this claim does not merit habeas relief. *See id.* at 693.

Because Shuler has not demonstrated that he is entitled to relief on any of his ineffective assistance of counsel claims, the district court did not abuse its discretion when it did not conduct an evidentiary

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

hearing on these claims. *See Karis v. Calderon,* 283 F.3d 1117, 1126–27 (9th Cir. 2002), *cert. denied,* —— U.S. ——, 123 S.Ct. 2637, 156 L.Ed.2d 655 (2003), *and cert. denied,* —— U.S. ——, 123 S.Ct. 2637, 156 L.Ed.2d 655 (2003).

AFFIRMED